**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DON EUGENE ROBERTSON** **PLAINTIFF**
**#199679**

**V.** **NO. 4:26-cv-00477-BSM-ERE**

**FEIN, *et al.*** **DEFENDANTS**

**RECOMMENDED DISPOSITION**

## I. Procedure for Filing Objections

This Recommended Disposition (RD) has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Don Robertson, a pre-trial detainee at the Pulaski County Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. Because the original complaint was deficient, I provided him an opportunity to file an amended complaint clarifying his constitutional claims.[1] *Doc. 4*.

---

[1] Mr. Robertson's original complaint alleged that, in July 2025, he contracted an infection based on unsanitary conditions in his cell. He sued twelve Pulaski County deputies in both their individual and official capacities seeking money damages. However, Mr. Robertson failed to explain how each individual defendant violated his constitutional rights.

Mr. Robertson then filed an amended complaint naming the Detention Center as the only Defendant.[2] *Doc. 6*. In an Order filed on May 20, 2026, I explained to Mr. Robertson that detention centers are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Doc. 7*. However, rather than dismiss Mr. Robertson's amended complaint, I gave him an opportunity to file a second amended complaint clarifying his constitutional claims. *Id*. To date, Mr. Robertson has not filed a second amended complaint, and the time to do so has passed. I will now screen Mr. Robertson's amended complaint.

## III. <u>Discussion</u>

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*,

[2] Because Mr. Robertson's amended complaint superseded his original complaint, I instructed the Clerk to terminate Deputy Fein, Deputy Sewell, Deputy Levingston, Deputy Hendrix, Deputy Wainwright, Deputy McGee, Deputy Hampton, Deputy Wilkerson, Deputy Fielder, Deputy Madrigal, Deputy Stovall, and Deputy Buckner as party Defendants. *Doc. 7 at 3*. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Mr. Robertson had also moved to dismiss his claims against these Defendants, which I denied as moot. *Docs. 5, 7*.

636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

The only named Defendant in this case, the Detention Center, is not a proper Defendant in this civil rights case. See *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542 (8th Cir. Aug. 30, 2001) (unpublished opinion); *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")).

Because Mr. Robertson cannot proceed on his claims against the Detention Center, his amended complaint should be dismissed for failure to state a plausible constitutional claim for relief.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Robertson's amended complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated 30 June 2026.

UNITED STATES MAGISTRATE JUDGE